# EXHIBIT B

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DONALD LOVELY,

    Plaintiff,

vs

Case No.: 22-    -CK
Hon.:

STANDARD INSURANCE COMPANY,
a Tennessee Corporation

    Defendant.
_____/

**BRADLEY M. PERI P73146**
**GOODMAN ACKER, P.C.**
Attorneys for Plaintiff
17000 W. Ten Mile Road, 2nd Floor
Southfield, Michigan 48075
(248) 483-5000
_____/

**THERE IS CURRENTLY NO OTHER CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT CURRENTLY PENDING OR PREVIOUSLY FILED WITH THE COURT.**

## COMPLAINT

NOW COMES Plaintiff, DONALD LOVELY, by and through counsel, GOODMAN ACKER, P.C., and for his Complaint, states as follows:

1. Plaintiff, DONALD LOVELY, is a resident of the City of Clinton, County of Anderson, State of Tennessee.

2. Defendant, STANDARD INSURANCE COMPANY (hereinafter referred to as "THE STANDARD") is an Oregon corporation duly authorized to transact the business of health, life and disability insurance in the State of Michigan and does in fact regularly and systematically conduct this business in the County of Wayne, State of Michigan

accepting service through CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060.

3. The amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars.

4. Plaintiff, on or about <u>October 5, 2018</u>, was insured under the provisions of a disability insurance policy (no. 113495) issued by Defendant, THE STANDARD.

5. Said policy was governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §1001, et seq.

6. Defendant, THE STANDARD, under the terms and conditions of the said disability insurance policy, became obligated to pay to the Plaintiff, certain expenses or losses in the event Plaintiff sustained an injury or illness that resulted in her disability from employment and/or inability to work for an extended period of time.

7. Plaintiff was diagnosed and suffering from Coronary Artery Disease (CAD), 4 vessel coronary artery bypass graft and pneumothorax, peripheral neuropathy, right foot drop, diabetes type 2, amyotrophy and hypertension. Plaintiff also had his right 4th toe amputated due to his osteomyelitis, pain and difficulty walking.

8. As a result of the abovementioned disabilities, Plaintiff was deemed unable to return to work by his treating physicians as a result of treatment that he would have to receive as a result of the abovementioned disabilities.

9. Said disabilities further limited Plaintiff from performing the material and substantial duties of any occupation, as defined in Defendant THE STANDARD's policy.

10. Plaintiff also collect's Social Security Disability Benefits as a result of the aforementioned disabilities.

11. Defendant, THE STANDARD, wrongfully terminated Plaintiff's long term disability benefits on March 12, 2021 with no further benefits payable after April 2, 2021.

12. Defendant, THE STANDARD, upheld it's above decision on December 22, 2021.

13. Plaintiff, as a result of the said injuries and subsequent related disabilities, has incurred a substantial loss of wages and brings this action pursuant to 29 USC §1132(a)(1)(B).

14. Defendant has failed, refused or neglected to pay Plaintiff the aforesaid wage loss disability payments in accordance with their policy even though reasonable proof of illness and employment disability has been submitted.

15. Defendant's failure and/or refusal to pay the aforesaid disability insurance benefits is continuous and ongoing and, as a consequence thereof, Plaintiff continues to incur allowable expenses for which the Defendant is liable and for which Plaintiff is entitled to recover herein.

16. The aforesaid disability benefits due and owing to or for the benefit of Plaintiff are overdue thereby entitling Plaintiff to recover statutory interest pursuant to 29 USC §1001, et seq.

17. Defendant has unreasonably refused or delayed in making proper payments to the Plaintiff, which permits the Plaintiff to obtain reasonable attorney fees from Defendant pursuant to 29 USC 1132(g)(1).

WHEREFORE, Plaintiff, DONALD LOVELY, respectfully prays that damages may be awarded in Plaintiff's favor against Defendant for the following elements of damage pursuant to 29 USC §1001, et seq.:

a. All disability insurance payments found to be due and owing to Plaintiff from April 2 2021 to present, pursuant to 29 USC §1132, as those benefits are more fully described in this Complaint;

b. Statutory interest at the rate of twelve percent (12%) per annum on all overdue disability insurance benefits pursuant to 29 USC §1001, et seq;

c. Penalty interest at the rate of twelve percent (12%) per annum on all overdue disability insurance benefits pursuant to 29 USC §1001, et seq;

d. Reasonable attorney fees for Defendant's unreasonable refusal and/or unreasonable delay in making proper payment of disability insurance benefits payments pursuant to 29 USC 1132(g)(1);

e. Additional interest on civil judgments allowed under the Michigan Revised Judicature Act (RJA);

f. Taxable costs, fees and other expenses as permitted by statute, court rule and common low; and

g. Any and all other relief that this Court determined to be fair, just and appropriate under the facts and circumstances of this case.

Respectfully submitted,

**GOODMAN ACKER, P.C.**

/s/ Bradley M. Peri
BRADLEY M. PERI P73146
Attorneys for Plaintiff

Dated: January 17, 2022

